UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Paul Tallini, | ) | C/A No. 4:10-2242-MBS-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| M.M. Mitchell, Warden | ) | |
| of FCI-Edgefield, | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, Paul Tallini ("Petitioner"), appearing pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This matter is before the court on the Respondent's Motion to Dismiss or alternatively for Summary Judgment (docket entry # 13) and for a Temporary Restraining Order (docket entry #30).

This action was filed on August 30, 2010.[2] On November 2, 2010, the Respondent filed a motion to dismiss or in the alternative a motion for summary judgment along with supporting memorandum and exhibits. The undersigned issued an order filed November 3, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. The Petitioner filed a response in

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because these are dispositive motions, this report and recommendation is entered for review by the district judge.

[2] There is no stamp from the prison mailroom acknowledging receipt for mailing. Thus, the date of filing is the date the Petitioner's habeas petition was received by the Clerk of Court.

opposition to the Respondent's motion on November 16, 2010. The Respondent filed a reply on November 29, 2010, and the Petitioner filed a response to the reply on December 8, 2010. (Docs.# 18 and # 20).

## I. FACTS

At the time of the incidents alleged in the Complaint, the Petitioner was housed at the Federal Correctional Institution in Edgefield, South Carolina ("FCI- Edgefield") and he currently remains incarcerated there. He is serving a 360- month sentence imposed by the United States District Court for the Southern District of Florida on cocaine charges.

On November 11, 2009, at approximately 3:30 p.m., the Petitioner was seen in front of A-Unit carrying a clear folder. He was ordered to submit to a pat search and six plastic bags of tobacco were found inside the folder. (Resp't's Mem. Supp. Summ. J. Mot. Ex. E - Incident Report.) The Petitioner was then escorted to the Special Housing Unit ("SHU") where he was to be housed pending investigation into the incident. While he was being processed into the SHU, 14 additional bags of tobacco were found hidden in the Petitioner's boots. Id. Two incident reports were written and the Petitioner was charged with two counts of violating Code 305.[3]

Following an investigation, the Unit Discipline Committee ("UDC") held hearings concerning both incident reports on the same day. (Resp't's Mem. Supp. Summ. J. Mot. Exs. E and F.) In regard to the first incident report and the tobacco found in the folder, the Petitioner made no comments. (Resp't's Mem. Supp. Summ. J. Mot. Ex. E.) In the second incident regarding the tobacco found in his boots, the Petitioner stated that he was guilty. (Resp't's Mem. Supp. Summ.

---

[3]Both incident reports was initially written on November 11, 2009, but the first incident report regarding the tobacco found in the folder was sent back for revision and ultimately rewritten on November 15, 2009.

J. Mot. Ex. F.) Because of the repetitive nature of the charges, the UDC referred both incident reports to the DHO. (Resp't's Mem. Supp. Summ. J. Mot. Exs. E and F.)

On December 14, 2009, a Disciplinary Hearing Officer ("DHO") held hearings on both incident reports. (Resp't's Mem. Supp. Summ. J. Mot. Exs. E and F). When asked about the first charge regarding the bags of tobacco found in the folder, the Petitioner stated that he was guilty and had nothing further to say. (Resp't's Mem. Supp. Summ. J. Mot. Ex. E.) When asked about the second charge, possession of the 14 bags of tobacco found in his boots, the Petitioner admitted that the items were his and stated that he was guilty of the charge. (Resp't's Mem. Supp. Summ. J. Mot. Ex. F.) The DHO found that the Petitioner guilty as charged. (Resp't's Mem. Supp. Summ. J. Mot. Exs. E and F.)

On the first charge of possession of the six bags of tobacco found in the folder, the DHO sanctioned the Petitioner with a loss of 14 days of good conduct time ("GCT") and one year of commissary, telephone, and visitation privileges and imposed 15 days of disciplinary segregation. (Resp't's Mem. Supp. Summ. J. Mot. Ex. E.) On the second charge of possession of 14 bags of tobacco found in his boots, the DHO sanctioned the Petitioner with the loss of 14 days of good conduct time and two years of commissary, telephone, and visitation privileges and imposed 15 days of disciplinary segregation. (Resp't's Mem. Supp. Summ. J. Mot. Ex. F.) The Petitioner appealed these decisions and the sanctions were upheld upon review. (Resp't's Mem. Supp. Summ. J. Mot. Exs. B, C, and D.)

## II. ANALYSIS

### A. Respondent's Motion for Summary Judgment

The Petitioner contends that his two disciplinary convictions violate the Double Jeopardy

Clause and the GTC sanction exceeded that allowable under the Sentencing Reform Act ("SRA"). (Compl.).   The Respondent contends that the Double Jeopardy Clause does not apply in the disciplinary setting and the GTC sanction was appropriate.  The undersigned agrees.

The Fifth Amendment states in part that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects individuals against three distinct violations: (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense."  North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by,  Alabama v. Smith, 490 U.S. 794 (1989).

The Double Jeopardy Clause, however, does not apply to prison disciplinary proceedings. See Patterson v. U.S., 183 F.2d 327 (4th Cir. 1950); Lisenby v. Cohen, 2011 WL 251466 (D.S.C. 2011); Lewis v. Pettiford, 2007 WL 542735 (D.S.C. 2007);  Anderson v. Padula, 2006 WL 1075003, *4 (D.S.C. Apr 19, 2006); Terron v. Kupec,  2001 WL 34698403 (D.Md. 2001).  Accordingly, the Petitioner's double jeopardy argument is without merit.

The Petitioner also contends, citing 28 C.F.R.§  541.13 and P.S. 5270.07, that the sanction imposed in his case of the loss of 14 days of GTC exceeds the maximum amount of GTC which may be forfeited as a sanction in the regulations.  (Pet'r's Mem. Opp. Summ. J. Mot. at 2.)   The Respondent states, and the Petitioner agrees, that the Petitioner  is entitled to the maximum allowed 54 days of GTC for each year of the term of his imprisonment pursuant to 18 U.S.C. § 3624(b)(1). (Resp't's Mem. Supp. Summ. J. Mot. at 15; Pet'r's Mem. Opp. Summ. J. Mot. at 1.)  In 28 C.F.R. § 541.13 (Table 3), part of the recommended sanction for a violation of 305 code offense is the forfeiture of  up to 25% of eligible GTC available for the calendar year for each offense.  The

Petitioner states that 25% of the 54 days of GTC which he is eligible to receive each year is not 14 days. Id. However, 25% of 54 is 13.5 which is correctly rounded up to 14. In fact, the regulation itself specifically provides for forfeiture "up to 25% (1-14 days) of good conduct time credit available for year. . . ." 28 C.F.R. § 541.13 (Table 3). Accordingly, the Petitioner's argument is without merit.

As the Double Jeopardy Clause was not violated by the Petitioner's disciplinary convictions and the GTC forfeiture of 14 days is within the amount allowed to be imposed as a sanction, the Respondent should be granted summary judgment.[4]

**B. Petitioner's Motion for Temporary Restraining Order**

The Petitioner has also filed a Motion for a Temporary Restraining Order ("TRO"). (Docket Entry # 30.) The Petitioner alleges that beginning on February 8, 2011, a Lieutenant Santiago placed the Petitioner in the Special Housing Unit in retaliation for filing complaints regarding overcrowding and this habeas action. (Mot. at. 2.) He alleges he has been denied access to the courts and the prison's administrative grievance process. He states that he has not been charged with any disciplinary offense and is seeking a court order requiring that he either be charged with a disciplinary charge, shipped to another correctional institution, or released back into the general population along and with an order requiring the respondent to stop the alleged retaliation.

Both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both likely success and irreparable injury. Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7 (2008). In order to obtain

---

[4] The undersigned's analysis is limited to the specific claims asserted by the plaintiff: Double jeopardy and the correct calculation of 25% of GTC amounts to 13 or 14 days. Whether some other constitutional principle or violation of regulation is present is not before the court.

such relief, plaintiff must establish: 1) the likelihood that the plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Id. Further, all four requirements must be satisfied. Id. Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). They are extraordinary remedies afforded prior to trial at the discretion of the district court.

Here, the Petitioner's motion for a TRO is unrelated to the underlying claims in this habeas action.[5] In his motion, the Petitioner is alleging several 42 U.S.C. § 1983 claims, including retaliation and the denial of access to the courts. While he alleges the claims stem partially from his filing of this habeas action, the Petitioner's § 1983 claims would be against different defendants and seek different relief. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner's retaliation and other claims raised in his TRO motion relate to the conditions of his confinement. "Simply stated, habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir. 1976). As the allegations the Petitioner raises in his TRO motion and those relating to conditions of confinement are unrelated to the allegations in his habeas petition, they are not properly before the court. See George v. Smith,

---

[5] Additionally, the issuance of an injunction as requested by the Petitioner would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994) (holding preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances). The public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C.Sept.20, 2006). The court must give deference to decisions by prison administrators. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir.1980). See also McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

507 F.3d 605, 607 (7th Cir. 2007)(holding "unrelated claims against different defendants belong in different suits . . . .").

Based on the foregoing, it is recommended that Petitioner's Motion for a Temporary Restraining Order (docket entry #30) be denied.

### III. CONCLUSION

Based on the foregoing, it is recommended that Respondent's Motion for Summary Judgment (docket entry # 13) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed with prejudice and without an evidentiary hearing. It is also recommended that Petitioner's Motion for a Temporary Restraining Order (docket entry # 30) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 24, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**