IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Paul Tallini, ) | |
| ) | C.A. No. 4:10-2242-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| M.M. Mitchell, Warden of FCI- Edgefield ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Paul Tallini, filed the within action pursuant to 28 U.S.C. § 2241 on August 30, 2010 against Respondent M.M. Mitchell, Warden of Edgefield Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On November 2, 2010, Respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on November 3, 2010, advising Plaintiff of the procedure for motions to dismiss and motions for summary judgment, as well as the possible consequences if he failed to respond adequately. On November 16, 2010, Petitioner responded to the motion to dismiss, or in the alternative, for summary judgment. On November 29, 2010, Respondent replied. On December 8, 2010, Petitioner filed a sur reply. On April 20, 2011, Petitioner filed a "Motion for Court Intervention," to which Respondent responded on May 9, 2011.

This case is before the court on the Magistrate Judge's Report and Recommendation recommending that Respondent's motion for summary judgment be granted and Petitioner's "Motion

for Court Intervention" be denied. Plaintiff filed objections to the Report and Recommendation on June 2, 2011.

## FACTS

Petitioner is currently serving a 360 month sentence imposed by the District Court for the Southern District of Florida for a violation of 28 U.S.C. § 841(a)(1). In his complaint, Petitioner alleges that he was "subject [sic] to multiple incident Reports [sic] and punishments for a single course of action" in violation of the double jeopardy clause. Entry 1 at 8-9. In addition, Petitioner alleges that "the good time taken [from him] exceeded that which is allowed under the [Sentencing Reform Act]." *Id.* at 8.

On November 11, 2009, at approximately 3:30pm," Petitioner was stopped in front of A-Unit "carrying a clear folder, along with other papers." Entry 13-5 at 1. A pat search was performed, during which six plastic bags containing a "substance that appeared to be tobacco" were discovered in the folder. *Id.* The Lieutenant's Office was called and Petitioner was escorted from the area. *Id.* "At approximately 3:45pm," Petitioner was escorted to the special housing unit. Entry 13-7 at 1. As Petitioner was being processed into the special housing unit, fourteen additional bags of tobacco were discovered in Petitioner's boots. *Id.* Two incident reports were written for these events and Petitioner was charged with two counts of violating Code 305, for "possession of anything not authorized." Entries 13-5 at 1; 13-7 at 1.[1]

After an investigation, the Unit Discipline Committee held hearings on both incident reports

---

[1] The incident reports were originally produced on November 11, 2009. The first incident report, number 1942424, was sent back for revision and rewritten on November 16, 2011. Entries 13-5 at 1; 13-6 at 2. The second incident report, number 1943109, was sent back for revision and rewritten on November 13, 2009. Entry 13-8 at 2.

and referred both discipline reports to the Disciplinary Hearing Officer ("DHO"). Hearings concerning both incident reports were held before the DHO on December 14, 2009. Entries 13-6 at 3; 13-8 at 3. Petitioner admitted to the conduct contained in both incident reports. *Id.* Petitioner was found to have committed the acts in both incident reports as charged. Entries 13-6 at 4; 13-8 at 4. On the first charge of possession of the six bags of tobacco found in the folder, incident report number 1942424, the DHO sanctioned Petitioner with fifteen days of disciplinary segregation, the loss of fourteen days good conduct time, and the loss of commissary, phone and visitation privileges for one year. Entry 13-6 at 5. On the second charge of possession of fourteen bags of tobacco found in Petitioner's boots, incident report number 1943109, the DHO sanctioned Petitioner with twenty days of disciplinary segregation, the loss of fourteen days good conduct time, and the loss of commissary, phone and visitation privileges for two years. Entry 13- 8 at 5. Petitioner appealed the sanctions, but the sanctions were upheld. Entries 13-2; 13-3; 13-4.

In his "Motion for Court Intervention," Petitioner contends that he is being kept in the special housing unit and seeks a court order requiring:

> Respondents [sic] to either (1) charge Petitioner with an institutional infraction based on some form of actual evidence; (2) ship Petitioner to an other [sic] institution as Petitioner has a constitutional right to remain in the general Population [sic] [;] or (3) Release Petitioner back to the compound with instruction to stop the retaliatory actions that have been taken against Petitioner. . . .

Entry 30 at 6. At the time of the events alleged in the complaint, Petitioner was housed at Edgefield Correctional Institution. Petitioner has informed the court that he was scheduled to be transferred on July 13, 2011, however, Petitioner has not yet made the court aware of any new mailing address.

3

**DISCUSSION**

I.  Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

II. Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

Petitioner objects to the Magistrate Judge's statement that "Petitioner's Double Jeopardy argument is without merit." Entry 37 at 2. Petitioner argues "that he should not be punished multiple times for a single course of conduct, i.e., possession of anything unauthorized (tobacco)." *Id.*

Because of the "problems of prison management," federal courts are limited to correcting "deprivations which represent constitutional abuses and they cannot prohibit a given condition or treatment in prison management unless it reaches the level of an unconstitutional deprivation." *Sweet v. South Carolina Dep't of Corr.*, 529 F.2d 854, 859 (4th Cir. 1975). As relevant to this case, the Double Jeopardy Clause of the Fifth Amendment does not apply to disciplinary proceedings. *Garrity v. Fielder*, 41 F.3d 1150, 1152-53 (7th Cir. 1994) (prison discipline is not prosecution for double jeopardy purposes, even when the disciplinary sanction delays prisoner's release from incarceration

by depriving him of good time credits); *Patterson v. United States*, 183 F.2d 327, 327 (4th Cir. 1950) (disciplinary sanction does not constitute a prosecution for double jeopardy purposes); *Teron v. Kupec*, No. 01-2155, 2001 WL 34698403 (D. Md. July 30, 2001) ("Double jeopardy does not apply to prison disciplinary proceedings."). Therefore, the court concludes that Petitioner's claim that he was sanctioned twice for the same course of conduct does not rise to the level of a constitutional deprivation in violation of the Fifth Amendment for which the court can provide a remedy.

Petitioner also objects to the Magistrate Judge's determination that the loss of fourteen days good conduct time for each offense was permissible. Petitioner contends that "the 28 days of good time taken exceeds the statutory maximum allowed under the [Sentencing Reform Act] of 1984 for a single course of conduct." Entry 37 at 4. In addition, Petitioner argues that "14 days for each incident report is greater than 25%" of his total good conduct time each year and therefore is more than is permissible. Entry 37 at 4. This objection is without merit. 28 C.F.R. § 541.3 (Table 1) provides that for a 305 violation, a sanction can be to "[d]isallow ordinarily up to 25% (1-14 days) of good conduct time credit available for a year. . . ." Because Petitioner was charged with and convicted of two 305 violations, the loss of 28 days good conduct time was a permissible sanction pursuant to 28 C.F.R. § 541.3 (Table 1).

III.    Petitioner's Motion for Temporary Restraining Order

Plaintiff has not objected to the Magistrate Judge's recommendation that his "Motion for Court Intervention" be denied. After carefully reviewing the record, the court concludes that the Magistrate Judge has correctly applied the applicable law. *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (habeas corpus "is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and

it cannot be used properly for any other purpose."); *Rylee v. Bureau of Prisons*, Civil Action No. 8:08-CV-1643-PMD-BHH, 2009 WL 252154 (D.S.C. 2009) (accepting recommendation of a magistrate judge that a request for temporary restraining order unrelated to the merits of the case should be dismissed as it properly belonged in a separate case in which it was demonstrated that administrative remedies had been exhausted); *Wade v. Angelone*, No. 2:01CV174, 2003 WL 23493661, at *1 (E.D.W. Va. Apr. 8, 2003) (denying motion for temporary restraining order unrelated to the action).

IV.     Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court denies Petitioner a certificate of appealability.

## CONCLUSION

Respondents' motion for summary judgment (Entry 13) is **granted**. Plaintiff's motion for temporary restraining order (Entry 30) is **denied**. Plaintiff's case is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge


July 26, 2011
Columbia, South Carolina